NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DONALD E. WILSON, *Plaintiff/Appellant,*

*v.*

RAYMOND LEONARD HUBER, *Defendant/Appellee.*

No. 1 CA-CV 16-0410
FILED 4-18-2017

Appeal from the Superior Court in Maricopa County
No. CV2015-001168
The Honorable J. Richard Gama, Judge *Retired*

**AFFIRMED**

COUNSEL

Law Office of Robert N. Edwards, Anoka, MN
By Robert N. Edwards
*Counsel for Plaintiff/Appellant*

Bleaman Law Firm, PC, Tucson
By Marc D. Bleaman, Elizabeth L. Warner
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Kent E. Cattani and Judge Donn Kessler joined.

---

**S W A N N**, Judge:

**¶1**        Donald E. Wilson sued Raymond Leonard Huber for injuries arising out of a multi-vehicle accident.  Wilson appeals the entry of summary judgment on his negligence claim.  Because Wilson has failed to present any evidence of causation, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In February 2013, Huber and Wilson were involved in a multi-vehicle crash at the intersection of Mountain Road and Apache Trail.  They agree that the chain of events leading to the accident started when Charles Varnes failed to yield the right-of-way to Huber and crossed the westbound lanes of Apache Trail.  Huber collided with the right side of Varnes's rear bumper and Varnes spun clockwise, impacting a stopped truck which in turn hit Wilson, injuring him.

**¶3**        Wilson sued Varnes and Huber for negligence in January 2015.  He settled with Varnes.  Huber was out of state in a long-term-care facility when the action commenced.  He died during discovery, and was never deposed.  Huber's counsel successfully moved for summary judgment.  After the superior court summarily denied his motion for reconsideration, Wilson appealed.

## DISCUSSION

**¶4**        We review grants of summary judgment de novo, viewing the facts in the light most favorable to the party against whom judgment was entered to determine if there are any genuine issues of material fact. *Acosta v. Phoenix Indem. Ins. Co.*, 214 Ariz. 380, 381, ¶ 2 (App. 2007).  In a negligence action, the plaintiff must show that the defendant breached a legal duty, causing injuries to the plaintiff. *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9 (2007).  The court granted summary judgment because it found that Wilson offered no evidence of causation, and we agree.

¶5          Wilson argues that Huber admitted during a call with his insurance company that he failed to watch his surroundings and thus failed to take action to avoid the collision. The transcript reads in relevant part:

> Q: Do you remember seein' that vehicle prior to you guys havin' an accident?
>
> . . . .
>
> A. Well, it-, it-, it was so funny. I couldn't, uh, see him, like somebody dropped a big blanket, uh, down on-, from heaven . . . (inaudible) . . . he-, he mm-, he must have been goin' real fast, comin' to get acrossed. And he didn't make it, see, and, uh, *I suppose if I woulda been lookin' to the south, but I don't-, I was drivin', and I don't look around.*
>
> Q. And so, when you ss-, saw his vehicle, what did you do? Did you try to, you know, get out of the way, or did you try to stop?
>
> A. No, no.
>
> . . . .
>
> A. I-, I stopped, but I, uh . . .
>
> . . . .
>
> A. . . . I couldn't have got outta the way. I was drivin' 35 miles an hour. And he cut-, cut me-, right in front of me. When I see him, I hh-, hit him. That, uh . . .

(Emphasis added.) Huber later stated that there was nothing he could do to avoid the collision. Wilson argues that a reasonable jury could conclude from this interview that Huber was unfit to drive a motor vehicle. But even assuming that this transcript was admissible, and indulging the inference that Huber was driving poorly, the statements Huber made do not give rise to an inference that he breached any duty that *caused* the accident.[1]

---

[1]      Wilson challenges the admissibility and authenticity of some of Huber's evidence. We need not address those arguments because even

¶6         No other witness suggested Huber had time to react. Wilson stated in a deposition that "in my mind, he -- he probably could have reacted quicker . . . and not had an accident." But he also testified that within "a split second" of Varnes pulling onto the road he knew there would be an accident, and he was unsure how far Huber was from Varnes. This testimony, if admitted at trial, would be insufficient to permit a reasonable jury to find by a preponderance of the evidence that any negligence on the part of Huber caused the accident. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990) ("[A]ffidavits that contain inadmissible evidence, that are internally inconsistent, that tend to contradict the affiant's sworn testimony at deposition, and similar items of evidence may provide a 'scintilla' or create the 'slightest doubt' and still be insufficient to withstand a motion for summary judgment.").

¶7         In a deposition, Ray Czumaj testified that he had been driving westbound in the right lane on Apache Trail behind Huber for at least a mile before the accident; he stated that Huber was going the speed limit and driving appropriately for the driving conditions. Czumaj was about 50 feet behind Huber when he noticed Varnes (traveling the opposite way) "make a quick swerve into the left turn lane." Czumaj eased off the gas. Varnes then drove across the street in front of Huber. Varnes was 75 to 125 feet in front of Czumaj when he started to cross the road, and Huber was seven or eight car-lengths ahead of Czumaj. Czumaj saw the impact and swerved left to avoid the debris, then went off the road and stopped in an embankment.

¶8         Czumaj testified that there was nothing Huber could have done to avoid the accident. Wilson contends that Czumaj's "conclusory statement" only creates a dispute of fact because a jury could listen to the recording of Huber's call to his insurance company and conclude he should not have been driving. We are mindful that the trial court cannot weigh questions of credibility to resolve conflicting evidence on summary judgment. But here, there is no conflict to resolve on the issue of causation — no evidence suggests that Huber had the opportunity to avoid the accident or that he was driving improperly at the time of the accident. And Wilson's own testimony that "in his mind" Huber could have reacted more quickly is contradicted by his own admission that he knew in "a split second" that there would be an accident.

---

without the disputed evidence, Wilson has failed to prove Huber caused or contributed to this accident.

**¶9**        "The proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, *and without which the injury would not have occurred.*" *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546 (1990) (citation omitted) (emphasis added).  Here, there is simply no evidence on the record that anyone (of any degree of mental capacity) could have avoided hitting Varnes, or that without negligence on Huber's part the injury would not have occurred, much less evidence from which a reasonable jury could find by a preponderance of the evidence that Huber was a cause of the accident.[2]

## CONCLUSION

**¶10**        Because Wilson has failed to present any evidence of causation, we affirm.  Huber is entitled to his costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2]        We note that Art. 18, Section 5 of the Arizona Constitution, which provides that "[t]he defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury," does not preclude summary judgment here, because comparative fault is not at issue as a defense.